IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RODNEY ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | 4:07cv3017 |
| | ) | |
| vs. | ) | ORDER to SHOW CAUSE |
| | ) | |
| LANCASTER COUNTY DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Rodney Robinson. 28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a). Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

**Exhaustion**

It is a cardinal principle of federal habeas corpus law that a § 2254 claim must have been fairly presented to, i.e., exhausted in, the state district and appellate courts before such claim reaches a federal district court in a habeas petition. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the '"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'... To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted). Accord O'Sullivan v. Boerckel, 526 U.S.

838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief). In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005).

## Show Cause

This court cannot determine from the § 2254 petition whether the petitioner is challenging (a) his conviction in the District Court of Lancaster County, Nebraska, on or about November 15, 2006 of one or more charges of "hinder[ing], failure to comply, consuming alcohol, and spitting on an officer" (filing no. 1 at 1), for which he was sentenced to jail for 90 days or (b) a disciplinary penalty, a copy of which is attached to the § 2254 petition. If the petitioner is challenging his conviction, he alleges that he withdrew his appeal on January 16, 2007 (filing no. 1 at 2), and thus, he appears not to have exhausted whatever his claims may be with regard to that conviction. If he is challenging his disciplinary penalty, he does not explain what the nature of his challenge is, what was wrong with the proceedings, and whether he exercised his appeals within the prison administrative disciplinary process.

Therefore, by February 15, 2007, the petitioner shall file a written Response to Order to Show Cause explaining (a) whether his § 2254 petition is directed to his conviction **or** to a disciplinary penalty, (b) the nature of his constitutional claims, and (c) how he exhausted his claims in the state courts **or** in administrative proceedings. Instead of a Response to Order to Show Cause, the petitioner may elect to file an Amended Petition which answers those questions. If he does so, the petitioner need not move for leave to amend, as this Order grants leave to amend. In the absence of a timely Response to Order to Show Cause or Amended Petition, this action and the § 2254 petition may be subject to dismissal, without prejudice, for failure to prosecute.

SO ORDERED.

DATED this 22nd day of January, 2007.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

2