IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RODNEY ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | 4:07cv3017 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| LANCASTER COUNTY DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 9, the Motion for Appointment of Counsel filed by the petitioner, Rodney Robinson.  The decision whether to appoint counsel is committed to the discretion of the district court in light of such factors as the factual and legal complexity of the case and the petitioner's ability to investigate and to articulate his claims without appointed counsel.  Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir.), cert. denied, 531 U.S. 984 (2000).  "A district court may appoint counsel for a habeas petitioner when 'the interests of justice so require.' ... The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition .... The appointment of counsel is discretionary when no evidentiary hearing is necessary .... In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors ....  Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."  Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted).

The problem is that the court has directed the petitioner to show cause  what his habeas corpus petition is about and how he exhausted his claims, and the petitioner has sought and obtained a 60-day extension of time in which to do so.  In addition, it appears that the petitioner is no longer in custody, but he failed to notify the court of that fact, and the Clerk of Court had to obtain his new address from the respondent.  Upon review of the record, the court cannot rule out the possibility that this case may ultimately be abandoned by the petitioner.  Under these circumstances, the above factors do not indicate a present need for the appointment of counsel.

1

THEREFORE, IT IS ORDERED:

1.      That filing no. 9, the petitioner's Motion for Appointment of Counsel, is denied at this time, subject to  sua sponte reconsideration if an evidentiary hearing is held in this case;

2.      That the petitioner must keep the court informed of his current address at all times while this case is pending; as failure to do so may result in dismissal of this litigation.

DATED this 13th day of February, 2007.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge